IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLUMBIA GAS TRANSMISSION, LLC, | Civil Action No. _____ |
| Plaintiff, | |
| v. | |
| 14.639 ACRES, MORE OR LESS, IN CHESTER COUNTY; LOCATED ON PARCEL IDENTIFICATION NUMBER 33-3-184, OWNED BY WELSH AYERS JOINT COMMUNITY ASSOCIATION; LOCATED ON PARCEL IDENTIFICATION NUMBER 33-3-183, OWNED BY WELSH AYERS JOINT COMMUNITY ASSOCIATION; | |
| and | |
| WELSH AYERS JOINT COMMUNITY ASSOCIATION<br>SERVE: Michael G. Louis, Esq., Registered Agent<br>17 W Miner Street<br>P.O. Box 660<br>West Chester, PA 19381 | |
| Defendants. | |

## COMPLAINT IN CONDEMNATION

COMES NOW Plaintiff, Columbia Gas Transmission, LLC ("Columbia Gas"), pursuant to Federal Rule of Civil Procedure 71.1(c), and files this Complaint in Condemnation as follows:

### Nature of the Case

1. Pursuant to its power of eminent domain as authorized by Section 7h of the Natural Gas Act, 15 U.S.C. § 717f (h), and Fed. R. Civ. P. 71.1, Columbia Gas files this action for (i) the taking of certain interests in real property, (ii) immediate entry and possession of the real property, and (iii) for the ascertainment and award of just compensation and damages to the

following real property owners: Welsh Ayers Joint Community Association, and any other interested parties (collectively, the "Landowners").

## Jurisdiction and Venue

2. This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and Section 7h of the Natural Gas Act, 15 U.S.C. § 717f (h), because: (a) Columbia Gas is the holder of a Certificate of Public Convenience and Necessity for, among other things, the expansion of a natural gas pipeline within the Commonwealth of Pennsylvania; (b) Columbia Gas, despite engaging in negotiations with Landowners, has been unable to reach an agreement as to compensation with the Landowners of the real property at issue in this suit for the easement and other interests necessary for the expansion of the pipeline facilities; (c) the interests in the real property that Columbia Gas seeks to take by eminent domain are located within the Eastern District of Pennsylvania; and (d) the value of the easements to be taken exceeds $3,000.00 or the Landowners claim that the value of such easements exceeds $3,000.00.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) (2013).

## Parties

4. Columbia Gas is a Delaware limited liability company with an office located at 1700 MacCorkle Avenue SE, Charleston, West Virginia 25314. The sole member of Columbia is Columbia Energy Group, a Delaware corporation with its principal place of business at 200 Civic Center Drive, Columbus, Ohio 43215. Columbia Gas is an interstate natural gas company as defined by section 2(a) of the Natural Gas Act, 15 U.S.C. § 717 *et. seq.*, and as such, is qualified to construct, own, operate and maintain pipelines for the transmission of natural gas and its by-products. Columbia Gas's authorization to transport natural gas in interstate

commerce is granted by and subject to the jurisdiction of the Federal Energy Regulatory Commission ("FERC").

5. Welsh Ayers Community Association is a Pennsylvania non-profit and is the record owner of certain real properties consisting of approximately 8.7 acres and 9.39 acres, located on Parcel Identification Numbers 33-3-183 and 33-3-184 respectively, Downingtown Township, Chester County, Pennsylvania, as is more particularly described in that certain deed dated March 1, 1994 and recorded in Deed Book 3742, at Page 2332, among the land records of Chester County, Pennsylvania (collectively, the "Property").

6. There may be other persons who may claim an interest in the properties to be condemned whose names are unknown to Columbia Gas because they could not be learned by diligent inquiry. These persons have been made parties to this action as permitted by Rule 71.1(c)(3) of the Federal Rules of Civil Procedure.

## Facts

7. On November 1, 2013, Columbia filed an application ("Application") with the Federal Energy Regulatory Commission ("FERC") pursuant to Section 7(b) and 7(c) of the Natural Gas Act, and Part 157 of FERC's regulations (18 C.F.R. 157), for a Certificate of Public Convenience and Necessity (the "FERC Certificate") for the construction and operation of certain facilities collectively known as the East Side Expansion Project. The Application was assigned FERC Docket No. CP14-17-000.

8. The FERC Certificate was issued on December 18, 2014. A copy of the FERC Certificate is attached as Exhibit 1.

9. Pursuant to the FERC Certificate, Columbia is authorized to "construct and operate the East Side Expansion Project." See Ex. 1, p. 43.

10. Columbia must begin construction work in connection with the East Side Expansion Project no later than February 1, 2015.

11. The East Side Expansion Project is necessary to increase Columbia's system capacity so that new sources of gas are available to meet emerging market growth needs in the mid-Atlantic and Northeast. See Ex. 1, p. 6.

12. Specifically, Columbia will construct facilities required to expand its pipeline system by 312,000 Dekatherms per day. Columbia also will make modifications to certain existing connections with interstate pipelines and compressor stations, along with limited pipeline looping. As further described in Exhibit 1, improvements on facilities are required in Maryland, New Jersey, New York, and Pennsylvania, in order to provide these services. See Ex. 1, p. 1-2.

13. Columbia has entered into several contracts to supply long-term firm gas capacity to the mid-Atlantic and Northeast markets (the "Precedent Agreements"). See Ex. 1, p. 3.

14. The Precedent Agreements require Columbia to provide a total of up to 312,000 Dekatherms per day of firm gas transportation service to these markets. Id.

15. The Pipeline must be in-service by September 2015 to enable Columbia to meet commitments to its East Side Expansion shippers.

16. As part of the East Side Expansion Project, Columbia is constructing approximately 9.5 miles of new 26" pipeline looping existing Line 1278 between Eagle Compressor Station and Downingtown Compressor Station in Chester County, Pennsylvania (the "Pipeline").

17. Columbia cannot begin work on the Pipeline until it acquires certain permanent and temporary easements over the Property. The permanent and temporary easements are

necessary for the construction work in connection with the Pipeline as part of the East Side Expansion Project.

18. Columbia has reached agreements the majority of landowners in Chester County, Pennsylvania who will be impacted by the Pipeline, but have been unable to reach an agreement with Defendants.

19. Columbia seeks to acquire 0.08 acre of permanent easement, 0.27 acre of temporary easement, 0.09 acre of additional temporary easement, and 0.20 acre of temporary workspace across the Property from the Welsh Ayers Joint Community Association for the purpose of constructing the East Side Expansion Project. Agreements describing the Easements to be acquired and Plats depicting the Easements to be acquired are attached hereto as Exhibit 2.

20. The Landowners shall retain the right to use the Property subject to the easements in any manner which shall not interfere with the use and enjoyment of the rights of Columbia. The Landowners shall have the right to use the Property if used consistently with Columbia's Minimum Guidelines, a copy of which is attached hereto as Exhibit 3.

21. Columbia Gas requests the right for immediate possession of the easements for purposes of constructing the East Side Expansion Project as described above.

22. It is impossible for this matter to be fully litigated and any appeals to be resolved while still allowing Columbia to prepare for, begin, and complete the construction work on the Property by the in service date of September 2015.

23. Pipeline construction is most efficient and safest when the contractor can move from property to property in a linear fashion without having to skip properties due to lack of access.

24. Skipping properties requires equipment loading and unloading for all phases of the construction process. This equates to additional time and loss of efficiency, and creates the potential for safety problems during construction.

25. Columbia Gas is willing to deposit a sum of money representing Columbia Gas's determined value of the Easements into a Court account or post bond as a condition of immediate access.

26. Columbia Gas has negotiated with the Landowners and made bona fide efforts to acquire the necessary rights by agreement but has been unable to obtain such rights by contract or to agree on the compensation to be paid.

27. Pursuant to the authority granted to it by Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f (h), Columbia Gas now seeks to take by eminent domain the easements in the Property depicted on <u>Exhibit 2</u> and described herein.

28. Columbia Gas requests a trial for the purpose of determining just compensation pursuant to Rule 71.1(h).

WHEREFORE, Columbia Gas respectfully requests that this Court:

1. Enter an Order of Judgment of Taking by Eminent Domain as to the easements described herein;

2. Allow Columbia Gas immediate entry on the above described easements prior to the determination of compensation and damages upon the deposit with the Court of a sum of money representing the value of such easements as determined by Columbia Gas's land rights valuation analyses for that area or the posting of a bond for said amount;

3. Grant Columbia Gas's request for a trial for the purpose of determining just compensation pursuant to Rule 71.1(h);

4.  Ascertain and award just compensation and damages to the Landowners for the taking of the permanent and temporary rights;

5.  Grant such other relief as may be just and proper.

Dated: December 23, 2014

Respectfully submitted,

By: *Laura Lange* LLL 8694

Laura A. Lange
Pa. Id. No. 310733
**McGuireWoods LLP**
EQT Plaza
625 Liberty Avenue
23rd Floor
Pittsburgh, PA 15222-3142
Phone: (412) 667-7941
Fax: (412) 667-7961
Email: llange@mcguirewoods.com

*Counsel for Plaintiff*
*Columbia Gas Transmission, LLC*