# EXHIBIT 2

**Prepared By:**
NiSource Corporate Service Company
1700 MacCorkle Avenue, SE
Charleston, West Virginia 25314

**Return To:**
Percheron, LLC
1045 Andrew Drive, Suite C1A
West Chester, Pennsylvania 19380

**Line No.** 1278 and 1278 Loop
**Project Tract No.** PA-CH-046.000
**UPI No.** 33-3-184
**ROW No.** 22842

## SECOND AMENDMENT TO
## RIGHT-OF-WAY AGREEMENT

**THIS Second Amendment to Right-of-Way Agreement ("Second Amendment")**, made this _____ day of_____ 2014, by and between **Welsh Ayres Joint Community Association, Grantor(s),** at P.O. Box 784, Bala Cynwyd, Pennsylvania 19004, (hereinafter called "Landowner"), whether one or more, and **Columbia Gas Transmission, LLC, Grantee,** a Delaware limited liability company, of 1700 MacCorkle Avenue, S.E., P. O. Box 1273, Charleston, West Virginia 25325-1273, its successors and assigns, (hereinafter called "Columbia"), witnesseth as follows:

**WHEREAS,** Columbia is the owner of a.) a Right-of-Way and Easement for pipeline purposes as described in an easement and right of way agreement from Horace W. Shelmire and Dorothy M. Shelmire, to The Manufacturers Light and Heat Company dated June 8, 1957, and recorded in the Office of the Recorder of Deeds, Chester County, Pennsylvania, in Deed Book 112, at Page 436 (the "Right-of-Way"); Landowner and Columbia have each succeeded to the original Grantor's and Grantee's interests, respectively; and b.) a Right-of-Way and Easement for pipeline purposes as described in an Amendment to Right-of-Way Agreement from Welsh Ayres Joint Community Association to Columbia Gas Transmission Corporation, dated August 2, 2002, and recorded in the Office of the Recorder of Deeds, Chester County, Pennsylvania, Deed Book 5385, Page 567.  The agreements referenced herein are hereinafter collectively referred to as the "Right-of-Way Agreements".  Landowner and Columbia have each succeeded to the original Grantor's and Grantee's interests, respectively; and

**WHEREAS,** said Right-of-Way Agreements each convey a right-of-way and perpetual easement to Columbia on, over and through land described therein with ingress, egress and regress to and from the same; and

**WHEREAS,** Landowner now owns land subject to said Right-of-Way Agreements being described in that certain Deed recorded in the Office of the Recorder of Deeds, Chester

County, Pennsylvania, and executed on March 31, 1994, in Deed Book 3742, at Page 2332, Identified as Tax ID No. 33-3-184 ; in Uwchlan Township;  and

**WHEREAS,** Landowner and Columbia have consented and agreed as to the said lands or such portions thereof, as may be presently owned by Landowner to modify, amend and supplement the Right-of-Way Agreements in the manner hereinafter set forth:

**GRANT.**  In consideration of Columbia's promise to pay Landowner the sum of Ten Dollars *($10.00)* and other good and valuable consideration when Columbia first exercises the rights herein granted, Landowner hereby grants to Columbia the exclusive rights as follows:

(1)    construct, operate, maintain, replace, repair, alter the size of (anywhere within the right-of-way area defined below), and remove or abandon an additional pipeline for transporting gas with associated fluids, or other substances that can be transported through pipelines, and appurtenant facilities including, but not limited to, cathodic protection, hydrate removal systems and data acquisition facilities, which additional pipeline and right of way area will be as shown on Exhibit "A" attached hereto an incorporated herein by reference;

(2)    construct, operate, maintain, replace, repair, alter the size of (anywhere within the permanent right-of-way area as defined below), and remove or abandon an underground communications system for the transmission of video, data and voice communications, with appurtenant facilities, including, without limitation, conduits, cables, pigging facilities and equipment, equipment, splicing boxes, wires, cathodic protection, and fiber optics cable;

(3)    perform pre-construction work;

(4)    ingress to and egress from the right-of-way area by means of existing or future roads and other reasonable routes on the premises described below and on Grantor's adjoining lands;

(5)    exercise all other rights necessary or convenient for the full use and enjoyment of the rights herein granted, including the right from time to time to:  (a) clear the right-of-way of all obstructions; and (b) to clear, cut, trim, and remove any and all vegetation, trees, and brush and overhanging branches from the right-of-way by various means, including the use of herbicides approved by the Commonwealth of Pennsylvania or the United States Environmental Protection Agency (or successor thereto).

**PERMANENT RIGHT-OF-WAY AREA.** With the addition of the new pipeline, the right-of-way area shall as shown on Exhibit "A" (the "Permanent Right-Of-Way Area"). Columbia shall have the right to change the location of any installed pipeline within the Permanent Right-Of-Way Area as may be necessary or advisable as the result of any conditions or events beyond its control, such as highway construction or relocation, coal mining activities, ground slips or floods, or the like.  The parties agree that Columbia may abandon any of the existing pipelines in place.

**TEMPORARY CONSTRUCTION EASEMENT.** In addition to the permanent right-of-way area as defined above, Grantor grants Grantee a temporary easement adjoining the permanent pipeline right-of-way as shown on Exhibit "A", for the purpose of enabling Grantee to initially construct the pipeline and to conduct all activities incident to the enjoyment of the Permanent Right of Way, including restoration or clean-up activities. Each time a temporary construction easement is utilized, Grantee shall pay for damage as set out in the paragraph below entitled "PAYMENTS FOR DAMAGE."

**LANDOWNER'S RIGHT OF POSSESSION.** The pipeline, except for risers, valves, drips, hydrate removal systems and other appurtenances reasonably required, shall be buried so as not to interfere with the cultivation of the land. Landowner may fully use and enjoy the premises to the extent that such use and enjoyment does not interfere with Columbia's rights under this Right-of-Way Agreement. However, Landowner shall not change the depth of cover over the right-of-way area as defined above of any installed pipeline without the prior written consent of Columbia, and shall not place or permit to be placed any temporary or permanent structure or obstruction of any kind, including but not limited to buildings, mobile homes, trees, telephone poles or wires, electric poles or wires, water or sewer lines, meters or utility boxes, paved roads or passage ways or the like on or over the right-of-way area of any installed pipeline, and shall not store any materials of any kind or operate or allow to be operated any heavy machinery or equipment over the right-of-way area, nor permit the right-of-way area to be covered by standing water, except in the course of normal seasonal irrigation.

**SECONDARY GRANT.** Grantor further grants to Grantee the right at any time after the date hereof to lay additional pipelines within the right-of-way area as defined above upon the payment of the customary sum then being paid by Grantee for similar pipelines under new right-of-way agreements, and otherwise on the same conditions for the additional pipeline as for the first as if the first did not exist.

**PAYMENTS FOR DAMAGE.** Columbia agrees to pay for any damage to fences, tile drains, marketable timber, crops, and the like that is caused by the activities conducted pursuant to this agreement.

**ARBITRATION OF DAMAGE.** If the amount payable for damage under the preceding paragraph cannot be mutually agreed upon, it shall be determined by a panel of three disinterested arbitrators. The arbitration and the award shall be limited to the amount payable for damages pursuant to the preceding paragraph. Grantor and Grantee shall appoint one arbitrator each, and the two so appointed shall appoint the third. The award shall be a majority decision and shall be final and conclusive, with costs for arbitration equally shared by parties, regardless of outcome.

**WAIVER AND RELEASE.** Landowner forever waives any present or future statutory, regulatory, judicial or contractual right which Landowner has or may have to receive gas service from any pipeline laid under this agreement and, further, Landowner forever releases Columbia from any present or future statutory, regulatory, judicial or

contractual obligation it has, or may have, to provide natural gas service from any of its pipelines to any and all residences on Landowner's property described above.

NOTICE—THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN, AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL OF SUCH COAL AND, IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT. [This notice is set forth in the Manner provided in Section 1 of the Act of July 17, 1957, P.L. 984, as amended, and is not intended as notice of unrecorded instruments, if any.]

NOTICE – THE UNDERSIGNED, AS EVIDENCED BY THE SIGNATURES TO THIS NOTICE AND THE ACCEPTANCE AND RECORDING OF THIS DOCUMENT, ARE FULLY COGNIZANT OF THE FACT THAT THE UNDERSIGNED MAY NOT BE OBTAINING THE RIGHT OF PROTECTION AGAINST SUBSIDENCE, AS TO THE PROPERTY HEREIN CONVEYED, RESULTING FROM COAL MINING OPERATIONS AND THAT THE PURCHASED PROPERTY, HEREIN CONVEYED, MAY BE PROTECTED FROM DAMAGE DUE TO MINE SUBSIDENCE BY A PRIVATE CONTRACT WITH THE OWNERS OF THE ECONOMIC INTEREST IN THE COAL. THIS NOTICE IS INSERTED HEREIN TO COMPLY WITH THE BITUMINOUS MINE SUBSIDENCE AND LAND CONSERVATION ACT OF 1966, AS AMENDED, 1980, OCT. 10, P.L. 874, NO 156 SECTION 1.

**NO OTHER MODIFICATIONS.** The Right-of-Way Agreements, except as modified herein, shall remain in full force and effect.

**SUCCESSORS.** All rights and duties under this Agreement shall benefit and bind Landowner and Columbia and their respective heirs, successors and assigns.

*[Remainder of Page Intentionally Left Blank; Signature Page(s) to Follow]*

**WITNESS** the following signature(s) and seal(s):

**Welsh Ayres Joint Community Association, Grantor**

By: _____

Name: _____

Title: _____


COMMONWEALTH OF PENNSYLVANIA )
                                     ) SS

County of _____ )

On this, the _____ day of _____, 2014, before me, a Notary Public, the undersigned, personally appeared _____ as _____ of **Welsh Ayres Joint Community Association**, P.O. Box 784, Bala Cynwyd, Pennsylvania 19004, and that as such officer, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of said entity by himself/herself as such officer.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

_____
Printed Name

My Commission Expires: _____

**Columbia Gas Transmission LLC, Grantee**

By: _____

Name: **Shawn Tolle**

Title: **Manager of Land and NRP**

## ACKNOWLEDGEMENT

State of Kentucky

County of Clark

: 
: SS
:

On this, the _____ day of _____, 2014, before me, a Notary Public, the undersigned, personally appeared **Shawn Tolle**, 1675 Muddy Creek Road, Winchester, Kentucky 40391 who acknowledged himself to be the **Manager of Land and NRP for Columbia Gas Transmission, LLC, a Delaware limited liability company**, and that as such officer, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of said company by himself as such officer.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

_____
Printed Name

My Commission Expires: _____

This document prepared by:
NiSource Corporate Service Company
1700 MacCorkle Avenue, SE
Charleston, West Virginia 25314

# EXHIBIT "A"
## WELSH AYRES JOINT COMMUNITY ASSOCIATION



PA-CH-046.000
33-3-184
WELSH AYRES JOINT
COMMUNITY ASSOCIATION
DBV 3742, PG 2332

WIDTH VARIES
90'X25'

182.03 Feet = 11.03 Rods
Permanent Easement = 0.06 Acres
Temporary Easement = 0.19 Acres
Additional Temporary Easement = 0.05 Acres
Temporary Workspace Within Existing Right of Way = 0.15 Acres

1 in = 200 ft

**Columbia Pipeline Group**
Columbia Pipeline Group, LLC
1700 MacCorkle Avenue SE
Charleston, WV 25301

| Legend | | |
|---|---|---|
| Proposed Pipeline | Existing Easement | |
| Property Boundaries | Staging Yards | |
| Adjacent Property Boundaries | Staging Yards Inside Tract | |
| Proposed Easement | Access Roads | |
| TWS | Access Roads Inside Tract | |
| ATWS | | |

Provided for general discussion purposes only. Formal route location to be established if FERC approval is received. This is not a survey product. This should not be used for authoritative definition of legal boundary, or property title.

Proposed Pipeline Easement Across:
**WELSH AYRES JOINT COMMUNITY ASSOCIATION**

Tract No.: **PA-CH-046.000**   REV 3

## EXHIBIT "A"
## WELSH AYRES JOINT COMMUNITY ASSOCIATION



PA-CH-046.000
33-3-184
WELSH AYRES JOINT
COMMUNITY ASSOCIATION
DBV 3742, PG 2332

WIDTH VARIES
90'X25'

25'
16'
10'
49'
50'
15'

182.03 Feet = 11.03 Rods
Permanent Easement = 0.06 Acres
Temporary Easement = 0.19 Acres
Additional Temporary Easement = 0.05 Acres
Temporary Workspace Within Existing Right of Way = 0.15 Acres

Columbia
Pipeline
Group
Columbia Pipeline Group, LLC
1700 MacCorkle Avenue SE
Charleston, WV 25301

1 in = 200 ft

| Legend | |
|---|---|
| Proposed Pipeline | Existing Easement |
| Property Boundaries | Staging Yards |
| Adjacent Property Boundaries | Staging Yards Inside Tract |
| Proposed Easement | Access Roads |
| TWS | Access Roads Inside Tract |
| ATWS | |

Provided for general discussion purposes only. Formal route location to be established if FERC approval is received. This is not a survey product. This should not be used for authoritative definition of legal boundary, or property title.

Proposed Pipeline Easement Across:
**WELSH AYRES JOINT COMMUNITY ASSOCIATION**

Tract No.: **PA-CH-046.000**

REV 3

**Prepared By:**
NiSource Corporate Service Company
1700 MacCorkle Avenue, SE
Charleston, West Virginia 25314

**Return To:**
Percheron, LLC
1045 Andrew Drive, Suite C1A
West Chester, Pennsylvania 19380

**Line No.** 1278 and 1278 Loop
**Project Tract No.** PA-CH-046.000
**UPI No.** 33-3-184
**ROW No.** 22842

## LICENSE FOR TEMPORARY CONSTRUCTION ACTIVITY

THIS AGREEMENT, is made this the _____ day of _____, 2014, by and between **Welsh Ayres Joint Community Association** with an address of P.O. Box 784, Bala Cynwyd, Pennsylvania 19004 (hereinafter "Landowner"), whether one or more, and Columbia Gas Transmission, LLC, a Delaware limited liability company with an address of 1700 MacCorkle Avenue, S.E., Charleston, West Virginia 25314 and a mailing address of P.O. Box 1273, Charleston, WV 25325-1273, (hereinafter "Columbia"):

### WITNESSETH

WHEREAS, Landowner is the present owner of a certain tract of land situate in Uwchlan Bor/Twp./Dist., Chester County, Pennsylvania, as more particularly described in that certain deed to the Grantors as described in that instrument dated March 31, 1994, of record in Deed Book 3742, at Page 2332, and incorporated herein by reference for a more particular description of said property.

Property tax or permanent parcel identification number: 33-3-184; and

WHEREAS, the rights sought hereunder are needed to support Columbia's East Side Expansion project which will help meet increasing demand for natural gas by moving gas in northern Pennsylvania to markets along the East Coast and down into the mid-Atlantic region.

NOW, THEREFORE, in consideration of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Landowner grants and conveys to Columbia:

A temporary construction license _____ feet in width and _____ feet in length as shown on "Exhibit A" attached hereto and made a part hereof, for the purpose of enabling Columbia to install a 26" natural gas pipeline along with

-1-

The right of ingress and egress to and from the temporary construction licensed area.

Restoration: Upon completion or termination of construction, Columbia agrees to restore the area disturbed by construction to its approximate original condition. The restoration will include the removal of any stone placed on the property, as well as re-grading, seeding and mulching the affected area.

Term: The term of this Agreement shall commence on _____ and shall be in effect until the completion of the described work and the restoration of the Temporary Construction License or until _____, whichever is sooner.

Option to Renew: In the event the described work is delayed, Landowner agrees to extend the term of this Agreement for up to an additional _____ (_____) months upon receipt of like consideration from Columbia.

**SUCCESSORS.** All rights and duties under this Temporary Construction License benefit and bind the Landowner and Columbia and their respective heirs, successors and assigns. In the event Landowner intends to sell or transfer the subject property, prior to the completion of the contemplated work, Landowner shall make any such transaction subject to this Agreement.

NOTICE—THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN, AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL OF SUCH COAL AND, IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT. [This notice is set forth in the Manner provided in Section 1 of the Act of July 17, 1957, P.L. 984, as amended, and is not intended as notice of unrecorded instruments, if any.]

NOTICE – THE UNDERSIGNED, AS EVIDENCED BY THE SIGNATURES TO THIS NOTICE AND THE ACCEPTANCE AND RECORDING OF THIS DOCUMENT, ARE FULLY COGNIZANT OF THE FACT THAT THE UNDERSIGNED MAY NOT BE OBTAINING THE RIGHT OF PROTECTION AGAINST SUBSIDENCE, AS TO THE PROPERTY HEREIN CONVEYED, RESULTING FROM COAL MINING OPERATIONS AND THAT THE PURCHASED PROPERTY, HEREIN CONVEYED, MAY BE PROTECTED FROM DAMAGE DUE TO MINE SUBSIDENCE BY A PRIVATE CONTRACT WITH THE OWNERS OF THE ECONOMIC INTEREST IN THE COAL. THIS NOTICE IS INSERTED HEREIN TO COMPLY WITH THE BITUMINOUS MINE SUBSIDENCE AND LAND CONSERVATION ACT OF 1966, AS AMENDED, 1980, OCT. 10, P.L. 874, NO 156 SECTION 1.

**WITNESS** the following signature(s) and seal(s):

> Welsh     Ayres     Joint     **Community Association, Grantor**
>
> By: _____
>
> Name: _____
>
> Title: _____

COMMONWEALTH OF PENNSYLVANIA  )
                                    ) SS

County of                   )

On this, the _____ day of _____, 2014, before me, a Notary Public, the undersigned, personally appeared _____, who acknowledged himself/herself to be the _____ of **Welsh Ayres Joint Community Association**, and that as such officer, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of said entity by himself/herself as such officer.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

_____
Printed Name

My Commission Expires: _____

**Columbia Gas Transmission LLC, Grantee**

By: _____

Name: Shawn Tolle

Title: Manager of Land and NRP

## ACKNOWLEDGEMENT

State of Kentucky      :
                           : SS

County of Clark        :

On this, the _____ day of _____, 2014, before me, a Notary Public, the undersigned, personally appeared **Shawn Tolle**, 1675 Muddy Creek Road, Winchester, Kentucky 40391 who acknowledged himself to be the **Manager of Land and NRP for Columbia Gas Transmission, LLC, a Delaware limited liability company,** and that as such officer, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of said company by himself as such officer.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

_____
Printed Name

My Commission Expires: _____

This document prepared by:
NiSource Corporate Service Company
1700 MacCorkle Avenue, SE
Charleston, West Virginia 25314

**Prepared By:**
NiSource Corporate Service Company
1700 MacCorkle Avenue, SE
Charleston, West Virginia 25314

**Return To:**
Percheron, LLC
1045 Andrew Drive, Suite C1A
West Chester, Pennsylvania 19380

**Line No.** 1278 and 1278 Loop
**Project Tract No.** PA-CH-057.000
**UPI No.** 33-3-183
**ROW No.** 22842

## SECOND AMENDMENT TO
## RIGHT-OF-WAY AGREEMENT

**THIS Second Amendment to Right-of-Way Agreement ("Second Amendment"),** made this _____ day of_____ 2014, by and between **Welsh Ayres Joint Community Association, Grantor(s),** at P.O. Box 784, Bala Cynwyd, Pennsylvania 19004, (hereinafter called "Landowner"), whether one or more, and **Columbia Gas Transmission, LLC, Grantee,** a Delaware limited liability company, of 1700 MacCorkle Avenue, S.E., P. O. Box 1273, Charleston, West Virginia 25325-1273, its successors and assigns, (hereinafter called "Columbia"), witnesseth as follows:

**WHEREAS,** Columbia is the owner of a.) a Right-of-Way and Easement for pipeline purposes as described in an easement and right of way agreement from Horace W. Shelmire and Dorothy M. Shelmire, to The Manufacturers Light and Heat Company dated June 8, 1957, and recorded in the Office of the Recorder of Deeds, Chester County, Pennsylvania, in Deed Book 112, at Page 436 (the "Right-of-Way"); Landowner and Columbia have each succeeded to the original Grantor's and Grantee's interests, respectively; and b.) a Right-of-Way and Easement for pipeline purposes as described in an Amendment to Right-of-Way Agreement from Welsh Ayres Joint Community Association to Columbia Gas Transmission Corporation, dated August 2, 2002, and recorded in the Office of the Recorder of Deeds, Chester County, Pennsylvania, Deed Book 5385, Page 567. The agreements referenced herein are hereinafter collectively referred to as the "Right-of-Way Agreements". Landowner and Columbia have each succeeded to the original Grantor's and Grantee's interests, respectively; and

**WHEREAS,** said Right-of-Way Agreements each convey a right-of-way and perpetual easement to Columbia on, over and through land described therein with ingress, egress and regress to and from the same; and

**WHEREAS,** Landowner now owns land subject to said Right-of-Way Agreements being described in that certain Deed recorded in the Office of the Recorder of Deeds, Chester

County, Pennsylvania, and executed on March 31, 1994, in Deed Book 3742, at Page 2332, Identified as Tax ID No. 33-3-183 ; in Uwchlan Township; and

**WHEREAS,** Landowner and Columbia have consented and agreed as to the said lands or such portions thereof, as may be presently owned by Landowner to modify, amend and supplement the Right-of-Way Agreements in the manner hereinafter set forth:

**GRANT.** In consideration of Columbia's promise to pay Landowner the sum of Ten Dollars *($10.00)* and other good and valuable consideration when Columbia first exercises the rights herein granted, Landowner hereby grants to Columbia the exclusive rights as follows:

    (1)    construct, operate, maintain, replace, repair, alter the size of (anywhere within the right-of-way area defined below), and remove or abandon an additional pipeline for transporting gas with associated fluids, or other substances that can be transported through pipelines, and appurtenant facilities including, but not limited to, cathodic protection, hydrate removal systems and data acquisition facilities, which additional pipeline and right of way area will be as shown on Exhibit "A" attached hereto an incorporated herein by reference;

    (2)    construct, operate, maintain, replace, repair, alter the size of (anywhere within the permanent right-of-way area as defined below), and remove or abandon an underground communications system for the transmission of video, data and voice communications, with appurtenant facilities, including, without limitation, conduits, cables, pigging facilities and equipment, equipment, splicing boxes, wires, cathodic protection, and fiber optics cable;

    (3)    perform pre-construction work;

    (4)    ingress to and egress from the right-of-way area by means of existing or future roads and other reasonable routes on the premises described below and on Grantor's adjoining lands;

    (5)    exercise all other rights necessary or convenient for the full use and enjoyment of the rights herein granted, including the right from time to time to: (a) clear the right-of-way of all obstructions; and (b) to clear, cut, trim, and remove any and all vegetation, trees, and brush and overhanging branches from the right-of-way by various means, including the use of herbicides approved by the Commonwealth of Pennsylvania or the United States Environmental Protection Agency (or successor thereto).

**PERMANENT RIGHT-OF-WAY AREA.** With the addition of the new pipeline, the right-of-way area shall as shown on Exhibit "A" (the "Permanent Right-Of-Way Area"). Columbia shall have the right to change the location of any installed pipeline within the Permanent Right-Of-Way Area as may be necessary or advisable as the result of any conditions or events beyond its control, such as highway construction or relocation, coal mining activities, ground slips or floods, or the like. The parties agree that Columbia may abandon any of the existing pipelines in place.

**TEMPORARY CONSTRUCTION EASEMENT.** In addition to the permanent right-of-way area as defined above, Grantor grants Grantee a temporary easement adjoining the permanent pipeline right-of-way as shown on Exhibit "A", for the purpose of enabling Grantee to initially construct the pipeline and to conduct all activities incident to the enjoyment of the Permanent Right of Way, including restoration or clean-up activities. Each time a temporary construction easement is utilized, Grantee shall pay for damage as set out in the paragraph below entitled "PAYMENTS FOR DAMAGE."

**LANDOWNER'S RIGHT OF POSSESSION.** The pipeline, except for risers, valves, drips, hydrate removal systems and other appurtenances reasonably required, shall be buried so as not to interfere with the cultivation of the land. Landowner may fully use and enjoy the premises to the extent that such use and enjoyment does not interfere with Columbia's rights under this Right-of-Way Agreement. However, Landowner shall not change the depth of cover over the right-of-way area as defined above of any installed pipeline without the prior written consent of Columbia, and shall not place or permit to be placed any temporary or permanent structure or obstruction of any kind, including but not limited to buildings, mobile homes, trees, telephone poles or wires, electric poles or wires, water or sewer lines, meters or utility boxes, paved roads or passage ways or the like on or over the right-of-way area of any installed pipeline, and shall not store any materials of any kind or operate or allow to be operated any heavy machinery or equipment over the right-of-way area, nor permit the right-of-way area to be covered by standing water, except in the course of normal seasonal irrigation.

**SECONDARY GRANT.** Grantor further grants to Grantee the right at any time after the date hereof to lay additional pipelines within the right-of-way area as defined above upon the payment of the customary sum then being paid by Grantee for similar pipelines under new right-of-way agreements, and otherwise on the same conditions for the additional pipeline as for the first as if the first did not exist.

**PAYMENTS FOR DAMAGE.** Columbia agrees to pay for any damage to fences, tile drains, marketable timber, crops, and the like that is caused by the activities conducted pursuant to this agreement.

**ARBITRATION OF DAMAGE.** If the amount payable for damage under the preceding paragraph cannot be mutually agreed upon, it shall be determined by a panel of three disinterested arbitrators. The arbitration and the award shall be limited to the amount payable for damages pursuant to the preceding paragraph. Grantor and Grantee shall appoint one arbitrator each, and the two so appointed shall appoint the third. The award shall be a majority decision and shall be final and conclusive, with costs for arbitration equally shared by parties, regardless of outcome.

**WAIVER AND RELEASE.** Landowner forever waives any present or future statutory, regulatory, judicial or contractual right which Landowner has or may have to receive gas service from any pipeline laid under this agreement and, further, Landowner forever releases Columbia from any present or future statutory, regulatory, judicial or

contractual obligation it has, or may have, to provide natural gas service from any of its pipelines to any and all residences on Landowner's property described above.

NOTICE—THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN, AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL OF SUCH COAL AND, IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT. [This notice is set forth in the Manner provided in Section 1 of the Act of July 17, 1957, P.L. 984, as amended, and is not intended as notice of unrecorded instruments, if any.]

NOTICE – THE UNDERSIGNED, AS EVIDENCED BY THE SIGNATURES TO THIS NOTICE AND THE ACCEPTANCE AND RECORDING OF THIS DOCUMENT, ARE FULLY COGNIZANT OF THE FACT THAT THE UNDERSIGNED MAY NOT BE OBTAINING THE RIGHT OF PROTECTION AGAINST SUBSIDENCE, AS TO THE PROPERTY HEREIN CONVEYED, RESULTING FROM COAL MINING OPERATIONS AND THAT THE PURCHASED PROPERTY, HEREIN CONVEYED, MAY BE PROTECTED FROM DAMAGE DUE TO MINE SUBSIDENCE BY A PRIVATE CONTRACT WITH THE OWNERS OF THE ECONOMIC INTEREST IN THE COAL. THIS NOTICE IS INSERTED HEREIN TO COMPLY WITH THE BITUMINOUS MINE SUBSIDENCE AND LAND CONSERVATION ACT OF 1966, AS AMENDED, 1980, OCT. 10, P.L. 874, NO 156 SECTION 1.

**NO OTHER MODIFICATIONS.** The Right-of-Way Agreements, except as modified herein, shall remain in full force and effect.

**SUCCESSORS.** All rights and duties under this Agreement shall benefit and bind Landowner and Columbia and their respective heirs, successors and assigns.

*[Remainder of Page Intentionally Left Blank; Signature Page(s) to Follow]*

**WITNESS** the following signature(s) and seal(s):

**Welsh Ayres Joint Community Association, Grantor**

By: _____

Name: _____

Title: _____

COMMONWEALTH OF PENNSYLVANIA )
                                     ) SS
County of                    )

On this, the _____ day of _____, 2014, before me, a Notary Public, the undersigned, personally appeared _____ as _____ of **Welsh Ayres Joint Community Association**, P.O. Box 784, Bala Cynwyd, Pennsylvania 19004, and that as such officer, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of said entity by himself/herself as such officer.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

_____
Printed Name

My Commission Expires: _____

**Columbia Gas Transmission LLC, Grantee**

By: _____

Name: **Shawn Tolle**

Title: **Manager of Land and NRP**

## ACKNOWLEDGEMENT

State of Kentucky        :
                               : SS

County of Clark           :

On this, the _____ day of _____, 2014, before me, a Notary Public, the undersigned, personally appeared **Shawn Tolle**, 1675 Muddy Creek Road, Winchester, Kentucky 40391 who acknowledged himself to be the **Manager of Land and NRP for Columbia Gas Transmission, LLC, a Delaware limited liability company**, and that as such officer, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of said company by himself as such officer.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____

Notary Public

_____

Printed Name

My Commission Expires: _____

This document prepared by:
NiSource Corporate Service Company
1700 MacCorkle Avenue, SE
Charleston, West Virginia 25314

## EXHIBIT "A"
## WELSH AYRES JOINT COMMUNITY ASSOCIATION



DETAIL 'A'
N.T.S.

PA-CH-057.000
33-3-183
WELSH AYRES JOINT
COMMUNITY ASSOCIATION
DBV 3742, PG 2332

SEE DETAIL 'A'

66.56 Feet = 4.03 Rods
Permanent Easement = 0.02 Acres
Temporary Easement = 0.08 Acres
Additional Temporary Easement = 0.04 Acres
Temporary Workspace Within Existing Right of Way = 0.05 Acres

**Columbia Pipeline Group**
Columbia Pipeline Group, LLC
1700 MacCorkle Avenue SE
Charleston, WV 25301

1 in = 300 ft

| Legend | |
|---|---|
| Proposed Pipeline | Existing Easement |
| Property Boundaries | Staging Yards |
| Adjacent Property Boundaries | Staging Yards Inside Tract |
| Proposed Easement | Access Roads |
| TWS | Access Roads Inside Tract |
| ATWS | |

Provided for general discussion purposes only. Formal route location to be established if FERC approval is received. This is not a survey product. This should not be used for authoritative definition of legal boundary, or property title.

Proposed Pipeline Easement Across:
**WELSH AYRES JOINT
COMMUNITY ASSOCIATION**

| Tract No.: | REV |
|---|---|
| **PA-CH-057.000** | 3 |

## EXHIBIT "A"
## WELSH AYRES JOINT COMMUNITY ASSOCIATION



DETAIL 'A'
N.T.S.

PA-CH-057.000
33-3-183
WELSH AYRES JOINT
COMMUNITY ASSOCIATION
DBV 3742, PG 2332

SEE DETAIL 'A'

66.56 Feet = 4.03 Rods
Permanent Easement = 0.02 Acres
Temporary Easement = 0.08 Acres
Additional Temporary Easement = 0.04 Acres
Temporary Workspace Within Existing Right of Way = 0.05 Acres

1 in = 300 ft

Columbia
Pipeline
Group
Columbia Pipeline Group, LLC
1700 MacCorkle Avenue SE
Charleston, WV 25301

| Legend | |
|---|---|
| Proposed Pipeline | Existing Easement |
| Property Boundaries | Staging Yards |
| Adjacent Property Boundaries | Staging Yards Inside Tract |
| Proposed Easement | Access Roads |
| TWS | Access Roads Inside Tract |
| ATWS | |

Provided for general discussion purposes only. Formal route location to be established if FERC approval is received. This is not a survey product. This should not be used for authoritative definition of legal boundary, or property title.

Proposed Pipeline Easement Across:
**WELSH AYRES JOINT
COMMUNITY ASSOCIATION**

Tract No.:
**PA-CH-057.000**

REV
3

**Prepared By:**
NiSource Corporate Service Company
1700 MacCorkle Avenue, SE
Charleston, West Virginia 25314

**Return To:**
Percheron, LLC
1045 Andrew Drive, Suite C1A
West Chester, Pennsylvania 19380

**Line No.** 1278 and 1278 Loop
**Project Tract No.** PA-CH-057.000
**UPI No.** 33-3-183
**ROW No.** 22842

## LICENSE FOR TEMPORARY CONSTRUCTION ACTIVITY

THIS AGREEMENT, is made this the _____ day of _____, 2014, by and between **Welsh Ayres Joint Community Association** with an address of P.O. Box 784, Bala Cynwyd, Pennsylvania 19004 (hereinafter "Landowner"), whether one or more, and Columbia Gas Transmission, LLC, a Delaware limited liability company with an address of 1700 MacCorkle Avenue, S.E., Charleston, West Virginia 25314 and a mailing address of P.O. Box 1273, Charleston, WV 25325-1273, (hereinafter "Columbia"):

### WITNESSETH

WHEREAS, Landowner is the present owner of a certain tract of land situate in Uwchlan Bor/Twp./Dist., Chester County, Pennsylvania, as more particularly described in that certain deed to the Grantors as described in that instrument dated March 31, 1994, of record in Deed Book 3742, at Page 2332, and incorporated herein by reference for a more particular description of said property.

Property tax or permanent parcel identification number: 33-3-183 ; and

WHEREAS, the rights sought hereunder are needed to support Columbia's East Side Expansion project which will help meet increasing demand for natural gas by moving gas in northern Pennsylvania to markets along the East Coast and down into the mid-Atlantic region.

NOW, THEREFORE, in consideration of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Landowner grants and conveys to Columbia:

A temporary construction license _____ feet in width and _____ feet in length as shown on "Exhibit A" attached hereto and made a part hereof, for the purpose of enabling Columbia to install a 26" natural gas pipeline along with

-1-

The right of ingress and egress to and from the temporary construction licensed area.

Restoration: Upon completion or termination of construction, Columbia agrees to restore the area disturbed by construction to its approximate original condition. The restoration will include the removal of any stone placed on the property, as well as re-grading, seeding and mulching the affected area.

Term: The term of this Agreement shall commence on _____ and shall be in effect until the completion of the described work and the restoration of the Temporary Construction License or until _____, whichever is sooner.

Option to Renew: In the event the described work is delayed, Landowner agrees to extend the term of this Agreement for up to an additional _____ (____) months upon receipt of like consideration from Columbia.

SUCCESSORS. All rights and duties under this Temporary Construction License benefit and bind the Landowner and Columbia and their respective heirs, successors and assigns. In the event Landowner intends to sell or transfer the subject property, prior to the completion of the contemplated work, Landowner shall make any such transaction subject to this Agreement.

NOTICE—THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN, AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL OF SUCH COAL AND, IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT. [This notice is set forth in the Manner provided in Section 1 of the Act of July 17, 1957, P.L. 984, as amended, and is not intended as notice of unrecorded instruments, if any.]

NOTICE – THE UNDERSIGNED, AS EVIDENCED BY THE SIGNATURES TO THIS NOTICE AND THE ACCEPTANCE AND RECORDING OF THIS DOCUMENT, ARE FULLY COGNIZANT OF THE FACT THAT THE UNDERSIGNED MAY NOT BE OBTAINING THE RIGHT OF PROTECTION AGAINST SUBSIDENCE, AS TO THE PROPERTY HEREIN CONVEYED, RESULTING FROM COAL MINING OPERATIONS AND THAT THE PURCHASED PROPERTY, HEREIN CONVEYED, MAY BE PROTECTED FROM DAMAGE DUE TO MINE SUBSIDENCE BY A PRIVATE CONTRACT WITH THE OWNERS OF THE ECONOMIC INTEREST IN THE COAL. THIS NOTICE IS INSERTED HEREIN TO COMPLY WITH THE BITUMINOUS MINE SUBSIDENCE AND LAND CONSERVATION ACT OF 1966, AS AMENDED, 1980, OCT. 10, P.L. 874, NO 156 SECTION 1.

**WITNESS** the following signature(s) and seal(s):

**Welsh Ayres Joint Community Association, Grantor**

By: _____

Name: _____

Title: _____

COMMONWEALTH OF PENNSYLVANIA  )
                                                          ) SS
County of                                           )

On this, the _____ day of _____, 2014, before me, a Notary Public, the undersigned, personally appeared _____, who acknowledged himself/herself to be the _____ of **Welsh Ayres Joint Community Association**, and that as such officer, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of said entity by himself/herself as such officer.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

_____
Printed Name

My Commission Expires: _____

**Columbia Gas Transmission LLC, Grantee**

By: _____

Name: Shawn Tolle

Title: Manager of Land and NRP

## ACKNOWLEDGEMENT

State of Kentucky    :
          : SS
County of Clark     :

On this, the _____ day of _____, 2014, before me, a Notary Public, the undersigned, personally appeared **Shawn Tolle**, 1675 Muddy Creek Road, Winchester, Kentucky 40391 who acknowledged himself to be the **Manager of Land and NRP for Columbia Gas Transmission, LLC, a Delaware limited liability company**, and that as such officer, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of said company by himself as such officer.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

_____
Printed Name

My Commission Expires: _____

This document prepared by:
NiSource Corporate Service Company
1700 MacCorkle Avenue, SE
Charleston, West Virginia 25314